Dear Representative Browning:
This letter is in response to your request for a ruling on a prevailing wage issue in the City of Neosho, Missouri. The question posed is:
 Does a public works project, built by the public body come under the requirements of the prevailing wage law set forth in Chapter 290.210-290.340, RSMo 1978?
We understand the project you inquire about involves the City of Neosho, Missouri, and its intention to build a new water treatment facility and to restore existing facilities. As stated in your inquiry, the city intends to build the project with existing city personnel and equipment, it being the opinion of the city that personnel with sufficient skills, abilities and knowledge are available to construct the project, at a cost of $1,500,000 funded by a $1,000,000 bond issue, and $500,000 from the Missouri Clean Water Commission.
In City of Joplin v. Industrial Commission of Missouri,329 S.W.2d 687 (Mo. 1959), the court stated in reference to the constitutionality of the prevailing wage act:
 ". . . To construe the act as applicable to direct employees of public bodies would make it unconstitutional as to all cities adopting their own charters under the provisions of Section 19, Article VI, of the Constitution because Section 22 of Article VI provides: `No law shall be enacted creating or fixing . . . compensation of any municipal office or employment, for any city framing or adopting its own charter . . . Furthermore, the legislative history of the act indicates an intent to limit its application to employees of contractors constructing public works on contracts with public bodies . . . We, therefore, hold the act does not apply to employees of public bodies. . . .'" Id. at 692.
It is evident then from the language of the court in City ofJoplin that the legislative intent in enacting the prevailing wage act was to limit the act's application to employees of contractors constructing public works on contracts awarded by public bodies.
It is also our view that the legislative intent is indicated by Section 290.230, RSMo 1978, which states in part that "[o]nly such workmen as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job shall be deemed to be employed upon public works".
We enclose a copy of Opinion No. 351-1970 which is consistent with this opinion.
Further, public bodies which contemplate the building of projects with their own employees should do so very cautiously. Matters which they should consider which are not clear from the question asked include their liability for the direct employees in terms of workers' compensation, unemployment compensation, Social Security, and withholding taxes. The City of Joplin case speaks in terms of direct employees of public bodies. Subcontractors may not necessarily be direct employees. Thus, conceivably the work of subcontractors may require public bidding.
This letter merely addresses the simple question asked. There are many other practical as well as legal considerations which might arise. Those matters should be discussed with the professional engineers and architects involved in the project in the designing or planning stage. Certainly, public dollars should be protected and used in the most economical manner possible. Yet, the quality of the workmanship and the professional completion of a project depends on the quality of the services as opposed to the economy of the services.
Thus, extreme care should be used in applying the principles set out in response to your question. That care should involve consultation with the professionals who are familiar with this type of project, that is, water treatment facilities and restoration of existing facilities. Bidding on public works projects historically results in a method of construction guaranteeing proper plans and specifications. It provides a system of checks and balances between the functions of construction and inspection. It provides safeguards against the liability of elected officials and protects the taxpayers. Additionally, if federal monies are involved, the city officials must consider the federal involvement and their liability therefor.
Thus, to simply say that the Missouri prevailing wage law does not apply to direct public employees may not adequately address other important considerations which afford even greater protection for the taxpayer and the taxpayer's dollar.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 351-1970